

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1846-11

### VICTOR MARTINEZ GARCIA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### SAN PATRICIO COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

I concur in the denial of relief. I write to express my concern with certain, prevalent practices

in probation-revocation cases with regard to the execution of arrest warrants.[1]

In this case, as in many others, the state filed a timely motion to revoke, and the trial court

timely authorized a capias. The motion was filed and capias entered in 2006, but the capias had still

not been executed when appellant's community supervision expired in 2008. Appellant was not

---

[1] Similar practices surround the execution of parole-revocation warrants, with similar consequences.

arrested on the capias until 2010. The PSI from the probation department, which the trial court found to be credible, indicated that, for two years during the period between the time at which the capias was issued and the time of his arrest, appellant had been an inmate in the Texas prison system on an unrelated charge. Clearly, the state knew where appellant was for at least two years, yet it still did not serve the probation-revocation arrest warrant on him. It was not until after the state had released appellant from incarceration on the unrelated charge, despite the existence of an active capias in this case, that he was arrested on the revocation warrant. As a result, appellant will remain in the Texas prison system, at state expense, two years longer than he would have if the warrant had been executed promptly, a detainer placed on him, and hearing held on the motion to revoke.

The state has offered no explanation of why it chose to release appellant from its custody while there was an active warrant for his arrest. It also offers no explanation for its failure to execute the capias and bring appellant to court in a timely fashion for a hearing on the state's motion to revoke; it only points to the statute and says that the burden is on the appellant to prove that the state did not exercise due diligence. In this case, lack of due diligence is very close to *res ipso loquitur*.

I do not disagree that the legislature has limited the availability of the state's failure to exercise due diligence as a defense or that it has chosen to convert the common-law defense into an affirmative one. My concern is that those choices by the legislature are being used by the state to disrupt, by negligence or design, the orderly workings of the justice system.

Filed: December 12, 2012
Publish